UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT HILTON; JOYCE OLIVER,

                      Plaintiffs,

      -against-

UNITED CONSUMER UCFS; JOCELYN
TORRES; WILLIAM SHAFFER,

                      Defendants.

25-CV-1155 (KMW)

ORDER TO AMEND

---

KIMBA M. WOOD, United States District Judge:

      Plaintiffs Robert Hilton and Joyce Oliver, appearing *pro se*, bring this action against United Consumer Financial Services ("UCFS"), and two individuals affiliated with UCFS, Jocelyn Torres and William Shaffer. Plaintiffs appear to sue with respect to a timeshare in which Plaintiffs may have invested money. By Order dated June 4, 2025, the Court granted Plaintiffs' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 9.) For the reasons set forth below, the Court grants Plaintiffs leave to file an amended complaint within 30 days of the date of this Order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[1] (ECF No. 1.) Plaintiffs invoke this Court's federal question jurisdiction and claim that Defendants engaged in fraudulent activities and stole "funds." (*Id.* at 2.) They name as Defendants UCFS, a financial services company, and two individuals, Torres and Shaffer, who "act[ed] with time share legal United-Consumer-UCFS." (*Id.* at 5.) Plaintiffs, who reside in Queens, New York, do not provide addresses for the three defendants. Approximately one year ago, Plaintiffs "made numerous calls [and] sent uncountable messages to Jocely[n] Torres . . . [which] were constantly ignored." (*Id.* at 5.) Shaffer "was unresponsive" as well. (*Id.*) Plaintiffs later learned that "Defendant [UCFS was not] accredited with Better Business Bureau [and in] fact[] they ha[d] several complaints." (*Id.*) Plaintiffs contend that "UCFS has occurred fraudulent activities, false doctrine, stolen federal

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

funds from Joyce Oliver bank account[,] security act violations and regulations has been violated." (*Id.*)

In the injury section of the complaint, Plaintiffs state that they have suffered "[b]ad horror night dreams around the clock, fallen a few times trying to message Jocelyn Torres with stage four arthritis." (*Id.* at 6.) Plaintiffs seek "federal currency in the sum of 1.5 million." (*Id.*)

**DISCUSSION**

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

Plaintiffs do not provide enough information for the Court to determine whether Plaintiffs' allegations plausibly suggest that they are entitled to relief. Specifically, the complaint does not plead facts describing what exactly occurred and why Plaintiffs believe that each of the Defendants violated their rights. For example, Plaintiffs do not explain what, if any, relationship they have to the Defendants, why they were speaking with Torres and Shaffer, and why Plaintiffs believe Defendants stole their money. Without facts describing what occurred and when it occurred, the Defendants cannot respond to the complaint.

3

Accordingly, the Court grants Plaintiffs 30 days' leave to file an amended complaint to state facts suggesting that they are entitled to relief from the named Defendants.

## LEAVE TO AMEND IS GRANTED

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally grant self-represented plaintiffs an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiffs may be able to allege additional facts to state a valid claim, the Court grants Plaintiffs 30 days' leave to amend their complaint to detail their claims.

First, in the case caption[2] and in the statement of claim, Plaintiffs must name as defendants those individuals who were allegedly involved in the deprivation of their federal rights. Second, in the "Statement of Claim" section of the amended complaint form, Plaintiffs must provide a short and plain statement of the relevant facts supporting each claim against each defendant. **If Plaintiffs have an address for any named defendant, Plaintiffs must provide it.** Plaintiffs should include in the amended complaint all information that Plaintiffs want the Court

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Any defendants named in the caption must also be discussed in Plaintiffs' statement of claim.

to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) **a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;**

c) a description of the injuries Plaintiffs suffered; and

d) the relief Plaintiffs seek, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiffs' amended complaint should inform the Court: who violated their federally protected rights and how; when and where such violations occurred; and why Plaintiffs are entitled to relief.

Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs want to include from the original complaint must be repeated in the amended complaint.

If Plaintiffs do not file an amended complaint within 30 days of the date of this Order, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## PRO SE LAW CLINIC

The City Bar Justice Center ("CBJC") operates the Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached to this Order.[3]

---

[3] The CBJC is a private organization that it not part of, or run by, the Court, and the CBJC cannot accept filings on behalf of the Court.

## CONCLUSION

The Court grants Plaintiffs leave to file an amended complaint that complies with the standards set forth above. An Amended Complaint form is attached to this Order. Plaintiffs must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this Order and label the document with docket number 25-CV-1155 (KMW). No summons will issue at this time.

If Plaintiffs fail to comply within the time allowed, and they cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiffs may receive court documents by email by completing the form, Consent to Electronic Service.[4] Attached to this order is a flyer from CBJC.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this action open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 13, 2025
         New York, New York

                                           /s/ Kimba M. Wood
                                           KIMBA M. WOOD
                                           United States District Judge

---

[4] If Plaintiffs consent to receive documents by email, Plaintiffs will no longer receive court documents by regular mail.