UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT HILTON; JOYCE OLIVER,

                     Plaintiffs,

       -against-

UNITED CONSUMER UCFS; JOCELYN TORRES; WILLIAM SHAFFER,

                     Defendants.

25-CV-1155 (KMW)

ORDER OF DISMISSAL

---

KIMBA M. WOOD, United States District Judge:

      Plaintiffs Robert Hilton and Joyce Oliver, appearing *pro se*, bring this action against United Consumer Financial Services ("UCFS"), and two individuals affiliated with UCFS, Jocelyn Torres and William Shaffer. By Order dated August 13, 2025, the Court granted Plaintiffs 30 days' leave to file an amended complaint. (ECF No. 10.) On August 27, 2025, the Court received Plaintiffs' amended complaint. (ECF No. 11.) For the reasons set forth below, the Court dismisses the amended complaint for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the amended complaint.[1]  (ECF No. 11.)  Plaintiffs "entered into a time share [and] was told by United Consumer Jocelyn Torres[] [and] William Shaffer . . . [to] pay them directly [and] the time share will be paid off, debt free, good credit, now in collections."  (*Id.* at 1.)  Plaintiffs "[were] promised we both will be notified and payment will be stopped, and we both refunded money back, never happened."  (*Id.*)

Plaintiffs allege that UCFS electronically withdrew from Plaintiff Joyce Hilton's account "$243.78 monthly two full years payments."  (*Id.* at 2.)  They also allege that the "last payment [was on] Jan[uary] 7, 2025 [in the amount of] $1,268.53[,] after the fact debt paid off December 2024."  (*Id.*)

Plaintiffs, who reside in Queens, New York, do not provide addresses for the three defendants.  In the amended complaint, Plaintiffs do not assert a basis for the Court's jurisdiction over their claims and they do not state the relief they seek.  (*Id.*) .

---

[1] The Court quotes from the amended complaint verbatim.  All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

# DISCUSSION

A. **Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

1. **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996).

Plaintiffs' allegations, even when liberally construed, do not assert claims under federal law. Rather, Plaintiffs bring only common law conversion claims, alleging that UCFS

wrongfully withdrew money from an account in connection with Plaintiffs' time-share. (ECF No. 11 at 1.) Accordingly, because the amended complaint does not suggest that Plaintiffs' claims arise under federal law, the Court cannot exercise federal question jurisdiction over Plaintiffs' claims.

2. **Diversity Jurisdiction**

The Court also cannot exercise diversity jurisdiction over any state law claims Plaintiffs may be asserting against Defendants. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, usually its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In addition, the plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Even if the Court were to assume that Plaintiffs and Defendants are citizens of different states, the Court cannot exercise diversity jurisdiction over any state law claims Plaintiffs may be asserting because they cannot show that the amount in controversy exceeds $75,000. Plaintiffs' allegations regarding their monetary damages—monthly installments of $243.78 for two years, totaling $5,850.72, and possibly an additional $1,268.53—fall well below the statutory amount necessary to exercise diversity jurisdiction. Because Plaintiffs do not state any facts suggesting that their damages exceed $75,000, they fail to meet the statutory requirements of 28 U.S.C. § 1332 and therefore cannot bring their claims in federal court.

Because Plaintiffs' amended complaint has not established federal question jurisdiction or diversity jurisdiction, the Court dismisses the amended complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). If Plaintiffs wish to pursue relief for the alleged loss of money they suffered, they may seek relief in state courts where they can assert state law claims.

**B.      Leave to Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiffs cannot cure the defects in their amended complaint, the Court declines to grant Plaintiffs leave to amend.

## CONCLUSION

The Court dismisses Plaintiffs' amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Nothing in this Order prevents Plaintiffs from refiling this action in an appropriate state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   September 17, 2025
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge